1
2
3
4
5

Brian P. Dolin - 182971
**JACOBSEN & McELROY PC**
2401 American River Drive, Suite 100
Sacramento, CA  95825
Tel.    (916) 971-4100
Fax     (916) 971-4150
bdolin@jacobsenmcelroy.com
ESERVICE@jacobsenmcelroy.com

6
7

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

8
9
10
11
12

Thomas Morgan - 309237
Ayala, Morgan & Buzzard
729 1st St., Suite D
Brentwood CA 94513
Tel: (866) 465-2999
Fax: (925) 289-8846
litigation@amb.law

13

Attorneys for Plaintiff FLORENCE GIOLLI

14

15

UNITED STATES DISTRICT COURT

16

EASTERN DISTRICT OF CALIFORNIA

17
18
19
20
21
22
23
24

FLORENCE GIOLLI,

        Plaintiff,

    vs.

COSTCO WHOLESALE
CORPORATION; and DOES 1 through
10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:23-cv-01473-DJC-JDP

*ACTION FILED: 11/22/22*

**REVISED STIPULATION AND ORDER
AMENDING SCHEDULING ORDER**

25
26
27
28

-1-

## I.

## SYNOPSIS OF CASE

Claims and Defenses

Plaintiff Florence Giolli claims that on November 22, 2020, while at the Manteca Costco warehouse, she tripped on a pallet displaying soda and fell.  She claims the fall fractured her right patella which required surgical repair on December 3, 2020.  Plaintiff claims the products/pallet of products were negligently placed by Costco which posed a trip/fall hazard;

Defendant Costco Wholesale Corporation denies that the incident occurred, and in the alternative asserts that the pallet displaying soda was not a dangerous condition and was open and obvious to a reasonably attentive person.

Discovery

The parties have served and received written responses to discovery and the plaintiff and a witness have been deposed.   The depositions of the plaintiff and witness were difficult to schedule as both deponents suffered a stroke and neither are able to drive.   The Plaintiff is still treating her right knee condition and anticipates seeing her treating doctor in the near future to discuss further medical care which may include surgery.   Therefore, more discovery is contemplated by the parties.

However, prior to incurring the cost of further discovery, including a medical exam and expert discovery, the parties are attempting to resolve this matter informally.  To the extent a resolution cannot be obtained over the phone in the near future, the parties are contemplating a mediation to be completed by September 2024.

## II.

## STIPULATION OF PARTIES TO CONTINUE DISCOVERY SCHEDULE

It is agreed that in order to afford the parties the best opportunity to resolve this matter, the parties wish to avoid the litigation costs anticipated to complete discovery.   Therefore, additional time is required to complete discovery, designate experts and prepare expert reports should the parties be unable to resolve this matter by September 2024.  The requested extension of the discovery timelines will allow the necessary time to pursue settlement

discussions and a possible mediation.  Based on the foregoing, the parties stipulate and agree to a short extension of the discovery timelines.  The parties have not made any prior request to extend the Scheduling Order and without the short extension of discovery, it is believed the parties will be prejudiced.

Upon instruction from the court, and in light of the foregoing, the parties stipulate to the following revised discovery timelines:

| EVENT | CURRENT DATE/TIME | NEW DATE/TIME |
|---|---|---|
| Fact Discovery | August 2, 2024 | November 1, 2024 |
| Designation of Experts | August 30, 2024 | November 29, 2024 |
| Supplemental Disclosure | | December 27, 2024 |
| Completion of Expert Discovery | October 25, 2025 | January 24, 2025 |
| All Motions filed by: And heard on: | January 3, 2025 2/20/25 at 1:30 p.m. | March 7, 2025 May 1, 2025 at 1:30 p.m. |
| Final Pretrial Conference | May 8, 2025 at 1:30 p.m. | July 17, 2025 |
| Jury Trial | July 7, 2025 | September 8, 2025 at 8:30 a.m. |

Federal Rules of Civil Procedure 6(b), 16(a) and 16(b)(4) give the court broad discretion to regulate pre-trial matters, to manage its calendar, grant continuance of scheduling dates, and so direct the parties in a manner that expedites disposition of the action and facilitates settlement. Pursuant to Local Rule 144 and as set forth above, good cause exists for the Court to grant the extensions requested under any of the Rules.

IT IS SO STIPULATED.

DATED: October 10, 2024

By:   */s/ Brian P. Dolin*
        Brian P. Dolin - 182971
        **JACOBSEN & McELROY PC**
        2401 American River Drive, Suite 100
        Sacramento, CA  95825
        Tel.    (916) 971-4100
        Fax    (916) 971-4150
        bdolin@jacobsenmcelroy.com
        Attorneys for COSTCO WHOLESALE
        CORPORATION

DATED: October 10, 2024

By: _____/s/ Thomas Morgan_____
    Thomas Morgan - 309237
    **AYALA, MORGAN & BUZZARD**
    729 1ST Street, Suite D
    Brentwood, CA 94513
    Tel.    (866) 465-2999
    Fax    (925) 289-8846
    litigation@amb.law
    Attorneys for FLORENCE GIOLLI

## ORDER

Based on the foregoing Stipulation and good cause appearing therefore, IT IS HEREBY ORDERED that the Scheduling Order be, and the same hereby is, revised as set forth above in the Stipulation.

IT IS SO ORDERED

Dated:  October 10, 2024                 /s/ Daniel J. Calabretta
                                          THE HONORABLE DANIEL J. CALABRETTA
                                          UNITED STATES DISTRICT JUDGE

REVISED STIPULATION AND ORDER AMENDING SCHEDULING ORDER